BEA, Circuit Judge,
dissenting:
I agree with the majority that the district court did not err in finding that the IRO at issue here was not an arbitration enforceable under the FAA. In addition, I agree that the district court properly held that the scope of Yox’s claim does not include the expanded services she requested after starting her internal appeal. Unlike the majority, however, I would hold that the district court erred in holding that Providence had abused its discretion in denying Yox’s claim.
First, the majority asserts that Providence did not follow various procedural requirements. According to the majority, Providence failed adequately to notify Yox of her right to bring a civil action under ERISA § 502(a). Although Providence’s benefits determination letters did not include a statement of her right to bring an action under ERISA § 502, I would hold that Providence nonetheless adequately complied with its procedural obligations. Yox’s Plan documents stated that the Plan was governed by ERISA, the claim denials stated that Yox had the right to internal appeal and independent review of her claim, and the Plan documents stated that she was entitled to file suit in state or federal court concerning any denied claim for benefits as a beneficiary under an ERISA plan.
The majority also asserts that Providence failed to consult a professional with “appropriate training and experience in the field of medicine involved in the medical judgment.” See 29 C.F.R. § 2560.503-l(h)(3)(iii). However, the issue underlying Yox’s claim was not the diagnosis of Yox’s dental condition, but rather whether the evidence Yox submitted indicated that her fall caused her dental problems. This issue of cause and effect did not require specialized dental knowledge.
Second, the majority asserts that Providence did not meet its procedural obligations in assessing the substance of Yox’s claim. The majority asserts that Providence provided no evidentiary support for its 4ecision beyond the conclusory statement that Yox’s treatment was dental rather than medical. However, the internal documentation associated with both the initial denial and the first level appeal denial noted that the extensive dental problems that Yox experiénced were not caused by the mandibular traumatic fracture, but rather preexisted her fall. Stating that Yox’s dental condition was not caused by the trauma is not a conclusory statement, but a factual finding. This finding of no causation is supported by the record.
Furthermore, the majority asserts that Providence arbitrarily refused to address the clinical evaluation that was submitted by Yox’s treating dentist. Under ERISA, however, administrators need not “credit the opinions of treating physicians over other evidence relevant to the claimant’s medical condition.” Black & Decker Disability Plan, 538 U.S. at 825, 123 S.Ct. 1965. Moreover, ERISA imposes no “discrete burden of explanation when [plan administrators] credit reliable evidence *946 that conflicts with a treating physician’s evaluation.” Id. at 834, 123 S.Ct. 1965. Here, Providence’s disagreement with Yox’s treating dentist was not arbitrary. Yox’s medical records indicated widespread tooth decay and various periodontal conditions existed before her fall. Providence had a rational basis to disagree with the conclusions of Yox’s treating dentist.
Third, the majority asserts that Providence’s structural conflict of interest played a role in its decision, basing this conclusion on Providence’s failure to credit Yox’s reliable evidence, failure to consult with adequately trained professionals, and failure to explain the evidentiary basis for its decision. For the reasons explained above, I disagree with each ofthese bases for the majority’s conclusion. There is no evidence that Providence’s structural conflict of interest improperly influenced its decision. Accordingly, there is no reason to give additional weight to this factor;
I would thus hold that the district court erred in holding that Providence had abused its discretion in denying Yox’s claim. I therefore respectfully dissent.